# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                                                                                **No. 17-cr-2690 RB**

**JERRY O. TWADDLE,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant Jerry O. Twaddle's Motion in Limine to exclude evidence of prior bad acts. (Doc. 278.) Defendant's Motion is in response to the Government's Notice of Intent to Introduce Evidence of Bad Acts Under Rule 404(b). (Doc. 256.)[1] The case involves three counts charging violations of federal narcotics laws, including conspiracy. The Government seeks to introduce evidence in its case-in-chief that Defendant sold methamphetamine to an undercover agent approximately six months before the alleged conspiracy began. Defendant seeks an order preventing the Government from introducing evidence of the prior drug sale without first seeking court permission outside the hearing of the jury. Having considered the submissions of counsel and relevant law, the Court will **grant in part and deny in part** Defendant's Motion in Limine, as described below.

## I.    Relevant Facts

Defendant is charged in Counts 1, 28, and 31 of the Indictment with several violations of federal narcotics laws related to possession and trafficking of methamphetamine. (Doc. 2 at 2, 20–

---

[1] Though this Motion in Limine was filed well after the September 3, 2018 deadline set in the Scheduling Order (*see* Doc. 132), the Court notes that the Government's 404(b) notice itself was also filed after the deadline for motions in limine. (*See* Doc. 256.) Thus, Defendant could not have responded to the 404(b) notice with a motion in limine within the mandated timeframe. Because Defendant filed this Motion seven days before the start of trial, as required by the Court's pretrial instructions, the Court will not dismiss it on procedural grounds.

21.) These charges include violations of 21 U.S.C. § 846, conspiracy to violate federal laws pertaining to narcotics; § 843(b)(1), using a communication device to further the commission of a drug trafficking crime; and §§ 841(a)(1) and (b)(1)(A), possession with intent to distribute 500 grams and more of a mixture and substance containing methamphetamine. (*Id.* at 2, 20–21.)

In Count 1, Defendant is charged with conspiring to distribute methamphetamine. (*Id.* at 2.) The Indictment charges that the conspiracy lasted from approximately May 8, 2017, until October 3, 2017. (*Id.*) In Count 28, Defendant is charged with using a telephone to further the commission of a drug trafficking crime by allegedly communicating[2] with Marcos Martinez on September 6, 2017, to coordinate Defendant picking up two pounds of methamphetamine from Martinez's residence and leaving $5,000 in its place. (*Id.* at 20; *see also* Doc. 256 at 2.) After he retrieved the methamphetamine, Defendant allegedly threw it from his vehicle during a high-speed chase after investigating officers attempted a traffic stop. (Doc. 256 at 3.) Based on this series of events, Defendant is charged in Count 31 with "unlawfully, knowingly, and intentionally possess[ing] with intent to distribute a controlled substance, 500 grams and more of a mixture and substance containing a detectable amount of methamphetamine." (*See* Doc. 2 at 21.)

The Government intends to introduce evidence in its case-in-chief that on October 20, 2016, approximately six months prior to the beginning of the charged conspiracy, Defendant sold one ounce of methamphetamine to a confidential informant who was equipped with an audio and video recording device. (Doc. 256 at 4–5.) "In the recording, [Defendant] retrieves a package of methamphetamine from his pocket and hands the [informant] what agents later confirmed to be one ounce of methamphetamine . . . . then counts the money the [informant] provided him for the methamphetamine in view of the camera." (*Id.*) Though the alleged drug sale in October 2016,

---

[2] The investigation involved intercepting phone calls and text messages, which the Government plans to introduce as evidence. (*See* Doc. 256 at 1–2.)

was never charged, the Government seeks to utilize it in this case to show Defendant's "motive, intent, knowledge, opportunity, and lack of mistake" regarding the charged crimes, pursuant to Federal Rule of Evidence 404(b). (*Id.* at 6.)

The Government seeks to offer the alleged drug sale "to show that [Defendant] had knowledge of, and intended to enter into the drug conspiracy charged in this case." (Doc. 281 at 2.) The government anticipates Defendant's defense will "be aimed at attempting to negate Defendant's knowledge of the methamphetamine seized . . . and his knowledge of the drug conspiracy," and thus the alleged prior drug sale is relevant to show knowledge. (*Id.* at 5.) Further, it asserts that the evidence is relevant to demonstrate intent to enter into the conspiracy, which is an element of conspiracy it must prove and "Defendant has given no pretrial assurances that he does not intend to dispute criminal intent." (*Id.*)

Defendant argues that the Government has not offered any specific reason for introducing the evidence and has not adequately explained how it will be used in its case-in-chief. (*See* Doc. 278 at 2 ("The government simply states that 'it is likely that intent and lack of knowledge will be material issues in this case.'") (quoting Doc. 256 at 6–7).) Defendant argues that since the Government has not shown specific factual instances in which it needs to use the evidence to prove intent or lack of knowledge, it should be ordered not to present evidence of the prior drug transaction for now. (*Id.* at 3.) But, if Defendant "raised a defense that made the prior transaction admissible, the Court might conduct a new balancing test" and could determine the admissibility of such evidence outside the hearing of the jury. (*Id.*)

## II. Legal Standard

Under Federal Rule of Evidence 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the

person acted in accordance with the character." But such evidence may be admissible if offered to prove something other than criminal propensity, including "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). In the Tenth Circuit, courts apply the four-part test articulated in *Huddleston v. United States*, 485 U.S. 681 (1988), to determine the admissibility of Rule 404(b) evidence:

> (1) [the] evidence of other crimes, wrongs, or acts must be introduced for a proper purpose; (2) the evidence must be relevant; (3) the court must make a Rule 403 determination whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) the court, upon request, must instruct the jury that the evidence of similar acts is to be considered only for the limited purpose for which it was admitted.

*United States v. Diaz*, 679 F.3d 1183, 1190 (10th Cir. 2012) (internal citation omitted).

The Tenth Circuit has held that relevant evidence of other crimes or acts should be admitted "except that which tends to prove *only* criminal disposition." *United States v. Tan*, 254 F.3d 1204, 1208 (10th Cir. 2001) (citations omitted). Under this "inclusive" approach, "[t]he government bears the burden of showing that the proffered evidence is relevant to an issue other than character," *United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000) (citation omitted), and must "articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred." *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985); *see also United States v. Commanche*, 577 F.3d 1261, 1226 (10th Cir. 2009).

**III. Analysis**

The *Huddleston* factors suggest that evidence of Defendant's prior acts related to selling methamphetamine is relevant and admissible to show intent to distribute—a necessary element of the crime Defendant is charged with in Count 31 and the alleged crime underlying the conspiracy charged in Count 1. However, it is not clear that the evidence is currently relevant to any other aspects of the Government's case-in-chief, including intent to enter into the conspiracy.

**A. Factor 1: The evidence is introduced for a proper purpose under Rule 404(b).**

Under the first *Huddleston* factor, the Government has stated that it seeks to offer evidence of Defendant's prior acts related to drug sales for a proper purpose under Rule 404(b): "to show Defendant's motive, intent, knowledge, opportunity, and lack of mistake." (*See* Doc. 256 at 6).

**B. Factor 2: The evidence is relevant to proving intent to distribute as charged in Count 31 and the underlying crime in Count 1, but not relevant to other aspects of the Government's case-in-chief.**

Evidence is relevant if it has "any tendency to make a fact [of consequence] more or less probable." Fed. R. Evid. 401. "[P]rior narcotics involvement is relevant when [it] is close in time, highly probative, and similar to the activity with which the defendant is charged." *United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000) (internal citations omitted); *see also United States v. Conway*, 73 F.3d 975, 981 (10th Cir. 1995) ("The Tenth Circuit has long recognized the relevance of previous wrongs and crimes in the context of narcotics violations." (internal citations omitted)). However, a fact-specific comparison of the circumstances surrounding the prior acts and later offenses is important in determining relevance. *See Becker*, 230 F.3d at 1232.

Here, Count 31—possession of methamphetamine with intent to distribute—requires that the Government convince the jury that "the defendant possessed the substance with the intent to distribute it." 10th Cir. Pattern Jury Instructions (Criminal) § 2.85 (2011 ed., Feb. 2018 update). Possession of narcotics with intent to distribute is also the crime on which the conspiracy charged in Count 1 is based. (*See* Doc. 2 at 2–3). Thus, evidence that Defendant had prior involvement in distributing and trafficking drugs, no more than six months prior to the charged crime, is the exact type of "close in time, highly probative, and similar" narcotics involvement the Tenth Circuit contemplated as relevant 404(b) evidence demonstrating intent. *See Becker*, 230 F.3d at 1232. As

such, the Government may offer its evidence of Defendant's prior drug sale in its case-in-chief as it relates to the "intent to distribute" elements of Count 31 and Count 1.

The Government also asserts that "it is likely that intent and lack of knowledge will be material issues in the case" and anticipates that "at trial, Defendant will argue that he did not participate in the overall conspiracy and that he did not retrieve or knowingly retrieve methamphetamine from Martinez's vehicle on the night of September 6, 2017." (Doc. 256 at 6–7.) However, the Government has not explained how a drug sale that took place prior to the alleged conspiracy will be relevant to prove any other required elements of conspiracy or using a phone to further the commission of a drug trafficking crime.

The Government is correct that Rule 404(b) evidence may be introduced to prove intent when it is a required element of a charged crime, even before intent "is actively contested." (*See* Doc. 281 at 5 (citing *United States v. Harrison*, 942 F.2d 751, 760 (10th Cir. 1991)).) *Harrison* indeed confirms that "[f]aced with a plea of not guilty, the government need not await the defendant's denial of intent on the witness stand before offering evidence of similar relevant acts." *Harrison*, 942 F.2d at 760. However, in that case the similar acts that were introduced to show intent to enter into the conspiracy included the defendant's long history of selling drugs to *another individual that was involved in the charged conspiracy*, even though the prior sales did not take place within the timeline of the indicted conspiracy. *Id.*

Here, the prior drug sale did not take place within the time frame of the conspiracy as charged in the Indictment, and involved a confidential informant who is not implicated in the conspiracy. (*See* Doc. 256 at 4–5.) Thus, offering evidence of the drug sale generally to demonstrate knowledge and intent to join the conspiracy would only do so by showing that Defendant had a criminal disposition and acted in conformity with that disposition six months

6

later, when the conspiracy began. Therefore, to the extent that the Government seeks to use evidence of the prior drug sale to prove elements of conspiracy other than intent to *distribute*, the Government has not met its burden of "articulat[ing] precisely the evidentiary hypothesis by which a fact of consequence may be inferred." *See Kendall*, 766 F.2d at 1436. The Court will order the Government not to offer evidence of Defendant's prior involvement in drug trafficking for any purpose other than to show intent to distribute.

On the other hand, if, at trial, Defendant invokes a specific defense based on lacking the requisite motive, intent, knowledge, or opportunity to commit any of the charged crimes, or that his involvement was due to mistake, then the alleged prior methamphetamine sale certainly may become relevant rebuttal evidence. In such case, the Government may request to bring such 404(b) evidence, outside the hearing of the jury, and the Court will rule on its admissibility at that time.

**C. Factors 3 and 4: Evidence of the prior drug sale is not more prejudicial than probative, and the Court will enter a limiting instruction.**

Under Rule 403, the Court may exclude evidence if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Evidence may be unfairly prejudicial if it "makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *Tan*, 254 F.3d at 1211–12 (internal citations omitted); *see also United States v. Smith* 534 F.3d 1211, 1219 (10th Cir. 2008).

As discussed above, the Tenth Circuit has held that prior involvement with narcotics may be admissible as Rule 404(b) evidence demonstrating intent if it is sufficiently similar and close in time to the charged acts. *See Becker*, 230 F.3d at 1232; *see also Conway*, 73 F.3d at 981. The

7

evidence that Defendant has sold methamphetamine before may elicit a reaction from the jury, but likely no more so than other allegations of involvement in drug trafficking that will already be presented at trial. As such, the admissibility of prior drug-related acts that are highly probative of intent to distribute is not outweighed by any potential prejudice their admission may cause.

Finally, to ensure that Defendant is not prejudiced by the introduction of the Rule 404(b) evidence, the Court will instruct the jury to consider this evidence only for the narrow purpose for which it was offered.

**THEREFORE**,

**IT IS ORDERED** that, until further notice, Defendant Jerry O. Twaddle's Motion in Limine (Doc. 278) to exclude evidence of prior bad acts is **DENIED IN PART** as it relates to proving intent to distribute, and **GRANTED IN PART** as to all other purposes.

_____
**ROBERT C. BRACK**
**SENIOR U.S. DISTRICT JUDGE**